IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARLYNN CARTER, #119611 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv091 |
| LARRY SMITH | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff ArLynn Carter, an inmate confined within the Smith County Jail, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 10, 2022, the undersigned issued an order, (Dkt. #8), directing Plaintiff to file an amended complaint, on the standardized section 1983 form, that addresses his specific claims no later than April 11, 2022. The order specifically warned Plaintiff that the failure to comply may result in the dismissal of his lawsuit. A copy of the order—along with a blank section 1983 form so that he could easily fill it out and return to the Court in conformity with the order—was mailed to his address. To date, however, and with the benefit of additional time, Plaintiff has not filed an amended complaint and has not communicated with the Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Carter failed to comply with the order directing him to file an amended complaint on the standardized section 1983 form no later than April 11, 2022. Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 22nd day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2